# IN THE UNITED STATES DISTRICT COURT

## FOR DISTRICT OF NEW MEXICO

MONIQUE VALDEZ, as parent and next friend
of K.D., a minor child,

        Plaintiff,

        v.                                     No. 21-CV-990-WPJ-JFJ

JUDY SALIPAN, individually and in
Her official capacity as an employee of the
Espanola Municipal Schools,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss for

Failure to State a Claim or, in the Alternative, for Qualified Immunity as to the Individual

Capacity Claim Against Defendant Salipan (Doc. 20), filed February 9, 2022. Having reviewed

the parties' pleadings and the applicable law, the Court **GRANTS** the Motion.

## BACKGROUND

Plaintiff filed a civil rights action arising out of the Fourteenth Amendment and 42

U.S.C. § 1983 for an incident allegedly occurring on September 25, 2019 at the Carlos Vigil

Middle School in Espanola, New Mexico. Plaintiff claims that her son, K.D., was standing

behind Defendant Judy Salipan while she was teaching a math class and talking to another

student. When Defendant finishing talking with the other student, she kicked her leg behind

herself at K.D. and hit his crotch area with her foot. She said, "Next time don't stand behind

me." Plaintiff claims the kick was without any provocation from K.D. She does not assert any significant injuries, other than K.D. experiencing immediate physical pain and subsequent emotional distress, including being afraid to be in school. Defendant filed a Motion to Dismiss, asserting failure to state a claim and qualified immunity.

## **LEGAL STANDARD**

In considering a 12(b)(6) motion, the truth of a plaintiff's well-pled factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A plaintiff must "nudge[] [her] claims across the line from conceivable to plausible." *Id*. In doing so, the plaintiff must furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*. at 1966. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). Where the complaint pleads only facts that do not permit the court to infer more than a mere possibility of misconduct, it has not shown that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). In the end, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. In assessing whether plaintiff has met this burden, the court need not credit bald assertions or legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 127 S. Ct. at 1965. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1940-41.

## **DISCUSSION**

Defendant argues that Plaintiff's single-count Complaint should be dismissed for failure

to state a plausible substantive due process claim. Claims brought against a school for the alleged

use of excessive force to discipline a student are analyzed under the Fourteenth Amendment.

*Muskrat v. Deer Creek Pub. Schs,* 715 F.3d 775, 786-87 (10th Cir. 2013). The threshold question

of whether the use of force violates the Fourteenth Amendment is whether it "shocks the

conscience." *Id.* Parties dispute which test should be used to assess whether Plaintiff's alleged

conduct shocks the conscience. The Tenth Circuit has consistently applied the following test,

which Defendant argues should be applied in this case:

> [T]he substantive due process inquiry in school corporal punishment cases must
> be whether the force applied caused injury so severe, was so disproportionate to
> the need presented, and was so inspired by malice or sadism rather than a merely
> careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse
> of official power literally shocking to the conscience.

*Garcia v. Miera*, 817 F.2d 650, 655 (10th Cir. 1987); *see also Harris v. Robinson*, 273

F.3d 927, 930 (10th Cir. 2001); A*beyta by & Through Martinez v. Chama Valley Indep. Sch. Dist.*

*No. 19*, 77 F.3d 1253, 1256-57 (10th Cir. 1996); *Williams v. Berney*, 519 F.3d 1216, 1221 (10th

Cir. 2008) (noting the 10th Circuit test used in school discipline cases); *Muskrat v. Deer Creek*

*Public Schools*, 715 F.3d 775, 786-87 (10th Cir. 2013). The Tenth Circuit applied this very test as

recently as 2018. *See Scott v. Mid-Del Sch. Bd. Of Educ.*, 724 Fed. Appx. 650, 653 (10th Cir.

2018).

Plaintiff points to the 2002 District Court Opinion of *Gonzales v. Passino*, 222 F. Supp.

2d 1277 (D.N.M. 2002). That case first noted the long-applied Tenth Circuit test, stated above. It

then cited to a Second Circuit test stating, "Another formulation of the test is that a teacher's application of force to a student will be conscience-shocking if it was maliciously and sadistically employed in the absence of a discernible government interest, and is of a kind likely to produce substantial injury." *Id*. at 1280 (citing *Johnson v. Newburgh Enlarged Sch. Dist*., 239 F.3d 246, 252 (2d Cir. 2001). Combining the two tests, the *Gonzales* Court stated, "It is clear, therefore, that the existence of a substantial injury, or at least *the potential for causing such injury* is necessary in substantive-due-process cases, before a violation of the Fourteenth Amendment will be found (emphasis added)." *Id*. Plaintiff stresses that the Court should consider the "potential for causing such injury" in its analysis.[1]

While the overwhelming majority of Tenth Circuit precedent regarding substantive due process in the context of teacher-imposed corporal punishment only applies the *Garcia* test, some cases have noted that a plaintiff must demonstrate "a degree of outrageousness and a magnitude of *potential* or actual harm that is truly conscience shocking (emphasis added)." *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995); *see also Harris v. Robinson*, 273 F.3d 927, 930 (10th Cir. 2001). Taking into account the potential for harm is a sound conclusion, as it would counter logic to in essence penalize a victim by restricting her constitutional rights when

---

[1] Plaintiff requests the Court to consider the four factors used in *Gonzales*: 1) the need for the application of force, 2) the relationship between the need and the amount of force that was used, 3) the extent of injury inflicted or the reasonably foreseeable risk of serious bodily injury, and 4) whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm. 222 F. Supp. 2d at 1282. The Court notes that this factor list is derived from a Third Circuit case and the Tenth Circuit Court of Appeals has only used it in assessing Eighth Amendment prison claims. Though the Eighth Amendment provides similar protections to inmates as the Fourteenth Amendment provides to students, this Court need not determine whether the four-factor test should be applied in cases such as this. It has determined that the potential for causing injury, which is embodied in the third factor, should be considered. Plaintiff has not met her burden of demonstrating such potential, and therefore the Court need not determine whether the other three factors should be applied or have been satisfied.

she escaped severe harm through her own efforts, pure luck or happenstance. Thus, in applying the *Garcia* test, this Court will also consider the alleged act's potential to cause harm.

Nevertheless, even when considering the potential for harm, the act must constitute a "brutal and inhumane abuse of official power" that it outrageous in its degree and magnitude such that it is "truly conscience shocking." *Garcia*, 817 F.2d at 655; *Uhlrig*, 273 F.3d at 574. The force applied must have had the potential to cause severe injury and be inspired by malice or sadism. *Id*. The act must by its nature offend our fundamental democratic notions of fair play, ordered liberty, and human decency. *See County of Sacramento*, 523 U.S. 833, 846 (1988). Meeting this standard is difficult, as precedent in this Circuit has created a "sky-high bar" to demonstrating conduct which shocks the conscience. *Dorsey v. Pueblo Sch. Dist*. 60, 140 F. Supp. 3d 1101, 1121 (D. Colo. 2015). Importantly, a substantive due process violation requires more than evidence of an ordinary tort, such as battery. *Abeyta*, 77 F.3d at 1257. "Many acts that are rightly condemned as deeply misguided still fail to pass the 'shock the conscience' test." *Id*. In a school setting, most unprovoked acts of violence that are short in duration and leave no physical injuries fail the "shock the conscience" test. *C.S. v. Platte Canyon Sch. Dist. No. 1*, 2014 U.S. Dist. LEXIS 134415 (D. Colo. Sept. 23, 2014) (collecting cases of this nature that failed the test).

The Plaintiff sets forth the following facts, which facts the Court assumes to be true, to demonstrate an outrageous abuse of power that shocks the conscience: Defendant, without provocation, kicked K.D. in the crotch area while he was standing behind her, and then said, "Next time don't stand behind me." Though there were no sustained injuries, K.D. experienced physical pain immediately after being kicked and emotional pain while in school following the incident. At the end of the day, Defendant's actions constitute an "unwise excess of zeal" rather

than a "brutal and inhumane abuse of official power." While condemnable, they more closely resemble a state tort rather than a constitutional violation that must be heard in federal court. The unprovoked kick lasted a short duration and left no permanent physical injuries. "Under the law of this circuit, that is insufficient to establish a violation of substantive due process." *Platte Canyon Sch. Dist.*, 2014 U.S. Dist. LEXIS 134415, at *31.

Plaintiff relies on a statement in *Gonzales v. Passino*, which provides, "If this case had involved repeated blows with the bat, or if Fernando Jr. had been hit in the face or another part of the body where serious injury might occur as a result of such a blow, the result might be different." 222 F. Supp. 2d at 1283. Plaintiff argues this statement lends support to the idea that being hit in the groin one time shocks the conscience because it could result in serious injury. First, it is important to distinguish that the *Gonzales* Court opined that the result may have been different if the student had been hit on another part of the body *with a bat*, rather than being kicked as in this case. It is difficult for the Court to conclude that being hit in the arm with a bat does not have the potential to cause serious injury, but that being kicked in the groin does. Second, *Gonzales* aside, kicking someone in the groin does not ordinarily have the potential to cause serious injury. While immature and unprofessional, such an act is "far from being 'unusual,' [and] is familiar to any male who has spent any time in a high-school locker room, college dormitory, or military barrack." *Neal v. Miller*, 1991 U.S. Dist. LEXIS 20070, at *18 (W.D. Mich. Sept. 5, 1991). In *Neal v. Miller*, the Western District of Michigan found no constitutional violation when, during the course of a practical joke, a corrections officer struck an inmate in the groin one time. It stated the conduct was "not serious or grave enough." *Id.*; *see also Washington v. Freeman*, 1988 U.S. Dist. LEXIS 18033, at *8-9 (W.D. Mich. May 27, 1988) (finding that a kick to the groin was not a severe injury nor one that was offensive to human

dignity). It analyzed the conduct under the Eighth Amendment, rather than the Fourteenth, but the analysis was largely the same as "the Due Process Clause affords prisoners no greater rights in this area than does the Eighth Amendment." *Id*. at *21.

Moreover, conduct of equal or graver severity than that alleged in this case has been found insufficient to meet the standard of shocking the conscience. *See Dacosta v. Nwachukwa,* 304 F.3d 1045 (11th Cir. 2002) (concluding that the standard was not met when a teacher attacked a student, including shoving her face as her arm was caught in a broken glass door); *Skinner v. City of Miami,* 62 F.3d 344 (11th Cir. 1995) (finding standard not met when firefighter was hazed and assaulted in a particularly degrading and humiliating fashion); *Gerald v. Locksley,* 785 F. Supp. 2d 1074 (D.N.M. 2011) (concluding that an assault did not "transcend ordinary state law" when assistant coach was choked and punched in the face); *Perrin v. Canandaigua City Sch. Dist.*, 2008 U.S. Dist. LEXIS 95280 (W.D.N.Y. Nov. 21, 2008) (finding no violation where gym teacher pulled student's arms behind his back, pushed him into the locker room and punched and poked him in the chest while using profane language); *Ross v. Lamberson*, 873 F. Supp. 2d 817 (W.D. Ky. 2012) (finding that, while an "inappropriate technique" to discipline a child, a teacher's quick, violent jerk of the student's head which caused a popping sound from the neck did not meet the standard); *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168 (2d Cir. 2002) (concluding that, while undeniably wrong, slapping a student in the face at full force did not shock the conscience).

As a final note, this Court in no way condones the behavior in which Defendant allegedly engaged. Using the kind of intentional physical force alleged to have been used by Defendant against K.D. to discipline him is shameful and utterly inappropriate. However, the fact remains that Plaintiff's claim fails to meet the high standards of a substantive due process violation.

## <u>CONCLUSION</u>

The Court concludes that Plaintiff has failed to state a plausible claim for relief. As such, Defendant's Motion to Dismiss is **GRANTED**. As the Complaint is dismissed on this ground, the Court need not address the parties' qualified immunity arguments.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE